## Ellwood Consumer Discount Co. v. Agostino

*Keller & Luxenberg*, for plaintiff.

*Gilbert D. Levine*, for defendants.

*Gilbert E. Long*, for garnishee.

HENDERSON, J., March 3, 1966.—This matter is before the court on a petition of garnishee to strike off a judgment.

Defendants, as security for a loan obtained from plaintiff-creditor, executed and delivered to plaintiff-creditor a judgment note and security agreement covering certain restaurant equipment. The security paper was filed of record, as was the judgment note,

and judgment was taken at the above number and term. When the sheriff levied upon the goods, they were found to be in the hands of the garnishee, who has filed his petition to strike off the judgment.

The garnishee bases his petition on several different grounds, but the only ones which will be considered are those which go to the record of the judgment itself and the confession thereon.

One of the grounds claimed by petitioner is that "no confession of judgment was ever made by any attorney and no affidavit of default was ever filed preceding the issuing of any writ of fi. fa." This is covered by the Act of February 24, 1806, P. L. 334, as amended June 10, 1957, P. L. 281, sec. 1, 12 PS §739, which says:

" . . . it shall be the duty of the prothonotary of any court of record, within this Commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed, . . ."

We interpret this statute to mean that it is the duty of the prothonotary to enter the confession of judgment and that in this case, when he entered it of record, he was merely fulfilling his statutory duty, which resulted in a proper confession.

We find this also covered by Anthos v. Nu Aero Corporation, 35 D. & C. 2d 557 (1965), in which case the court held:

"There are three acceptable and legal methods of confessing a judgment, namely, for the prothonotary to enter the judgment within the terms of the Act of February 24, 1806, P. L. 334; 12 PS §739, as amended;

by the defendant himself entering it; or by an authorized attorney doing so for him and on his behalf: (cases cited). The record does not disclose any attempt on the part of plaintiff to appear for defendant or to enter judgment on his behalf. The only paper filed by plaintiff was an averment of default and the several notes upon which the prothonotary assessed damages and entered judgment. Under the Act of 1806 the prothonotary is authorized to enter the judgment at the request of the holder, either orally or in writing and even though the holder executes the praecipe to the prothonotary to enter the judgment it is in fact the prothonotary who enters it and is so authorized under the Act of 1806: (cases cited)".

Under the act and the interpretation of that act by the case cited, it is the duty of the prothonotary to enter judgment with or without declaration filed. That has been done in this case, and the judgment is not defective on that ground.

The garnishee also takes the position that the judgment is defective, since no affidavit of default was filed. No affidavit of default has been filed in this case, since no affidavit is required.

Where there is no condition in the warrant, judgment can be confessed at any time. If there is no restriction in the warrant, the judgment is subject to confession immediately after execution, in order that it might act as security for the judgment-creditor. An affidavit of default is not necessary unless the warrant specifically provides for it prior to the accrual of any right to confess judgment: Pennsylvania Judgment Notes, page 63, §16.1; Chubb v. Kelly, 80 Pa. Superior Ct. 487 (1923); Commonwealth v. Dibble, 41 D. & C. 206 (1941). Since a reading of this warrant of attorney does not disclose that there must be a default prior to confession, then this is not a good ground for striking off the judgment.

The balance of the items covered by the petition are outside the record of the confession itself and cannot be considered in this petition. The scope of a petition to strike off a judgment is limited to defects appearing in the record of the confession of the judgment itself, and, as a general rule, a judgment which is regular on its face will not be stricken off. Facts outside the record do not justify granting of a petition to strike: 7 Standard Pa. Prac. 192. This point is discussed in Century Credit Co. v. Jones, 196 Pa. Superior Ct. 210 (1961), where the court said:

"The motion to strike off a judgment entered by confession necessarily has to do with the regularity of the record and could not be based on the equities of the situation. The court below pointed out that he could not convert the rule to strike into a rule to open. Young v. Mathews Tr. Corp., 383 Pa. 464, 119 A. 2d 239 (1956). It seems to follow that if the court could not convert the rule to strike into a rule to open, where it was determined that the petitioner was not entitled to the rule to strike, then, if the petitioner were entitled to the rule to strike, the court, even for equitable reasons, could not deny the motion and give him leave to later file a petition to open as a substitute remedy therefor".

See also Anthos v. Nu Aero Corp., supra., where the following quotation is found:

"A motion to strike a judgment is in effect a demurrer to the record of the judgment and must be determined solely by the record of the judgment itself without consideration of matters beyond that record: Mountain City Savings and Loan Association v. Bell, 413 Pa. 67; Lebowitz v. Keystate Insurance Agency, Inc., 198 Pa. Superior Ct. 495; Goldberg v. Altman, 190 Pa. Superior Ct. 495. . . . If the pendency of another action does constitute a defense to the judgments, the appropriate remedy is, as with all defenses

beyond the record of the judgment, by way of a petition to open the judgment and allow such defense to be asserted: Cox v. Felice Perri & Sons, 412 Pa. 415; Weinberg v. Morgan, 186 Pa. Superior Ct. 322".

Since, considering only the record of this judgment, we find that the prothonotary was under a statutory duty to enter the judgment and that no affidavit of default is required by the warrant itself, the judgment on the face of its own record cannot be stricken. Allegations of the garnishee with regard to improper execution and other matters outside the record of the judgment cannot be considered on this petition.

ORDER OF COURT

Now, March 3, 1966, on consideration of the within matter, it is hereby ordered that the motion to strike is refused, and the sheriff is directed to proceed with the execution.